IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHRISTOPHER TIM FLORENCE, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:12CV905 |
| v. ) | 1:04CR497-1 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Christopher Tim Florence, a federal prisoner, brings what the Court treated as a Motion [Doc. #100][1] to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner was convicted in this Court of one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A), and was sentenced to 268 months imprisonment as a career offender. Petitioner was also subject to an enhanced sentence based on an Information of Prior Conviction filed under 21 U.S.C. § 851. Petitioner contends that his sentence is no longer valid because, under <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011), he did not face more than a year in prison for the predicate felonies supporting the career offender enhancement.

---

[1] This and all further cites to the record are to the criminal case unless otherwise noted.

The Government filed a Motion to Dismiss [Doc. #106], which correctly argues that the Court lacks jurisdiction to consider Petitioner's Motion under § 2255 because Petitioner filed a previous § 2255 Petition and has not received certification from the Court of Appeals for the Fourth Circuit to file a second or successive motion, as required by 28 U.S.C. § 2255(h). The Court notes that notwithstanding this provision, relief pursuant to 28 U.S.C. § 2241 is available to petitioners seeking to challenge the validity or legality of their conviction or sentence where a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is inadequate or ineffective to test the legality of their detention.[2] See 28 U.S.C. § 2255; In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). It is beyond question, however, that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Jones, 226 F.3d at 333 (citing Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999)); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). A contrary rule would effectively nullify the gatekeeping provisions of § 2255. Jones, 226 F.3d at 333 (citing United States v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999)). Under Jones, "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." Id.

---

[2] Petitioner also claims to be entitled to relief under 28 U.S.C. § 1651. Even if that statute applies, Petitioner's claims would still fail for the reasons discussed below.

2

Case 1:04-cr-00497-WO   Document 125   Filed 07/20/15   Page 2 of 6

In the present case, even if the Court were to consider the Petition under § 2241, Petitioner cannot satisfy the <u>Jones</u> test because he cannot demonstrate that he is no longer a career offender under the Guidelines. A defendant is a career offender if he is an adult at the time of the instant offense, the instant offense is a crime of violence or controlled substance offense, and the defendant has two prior felony convictions for crimes of violence or controlled substance offenses. USSG § 4B1.1(a). The terms "crime of violence," "controlled substance offense," and "felony" are defined in USSG § 4B1.2. A "crime of violence" includes a crime involving the use, attempted use, or threatened use of force against the person of another, USSG § 4B1.2(a), while a controlled substance offenses is one "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." USSG § 4B1.2(b). Application Note One to that section defines a "felony" as an "adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is designated as a felony and regardless of the actual sentence imposed." The question then is not whether a petitioner was sentenced to more than a year in prison, but whether the crime was "punishable" by more than a year in prison.

Here, Petitioner was determined to be a career offender based on three convictions for the sale of cocaine, all of which he obtained in Orange County, North Carolina, on June 4, 1990. (PSR, ¶¶ 17, 26.) These convictions occurred well prior to October 1, 1994, the effective date of North Carolina's Structured Sentencing Act, which was the statutory

3

sentencing scheme discussed in Simmons. They instead fell under North Carolina's Fair Sentencing Act, with a maximum term of imprisonment of ten years and a presumptive term of three years as reflected in the state court judgments. See United States v. Thompson, 480 F. App'x 201, 204 (4th Cir. 2012) (unpublished) (discussing the Fair Sentencing Act generally); (Response, Attach. 3). In fact, Petitioner actually received a sentence of five years. The sentence was suspended, but this is irrelevant because the potential sentence, not the one imposed or the time served controls under Simmons. See Thompson, 480 F. App'x at 204 (stating "the actual sentence imposed is irrelevant; rather, the relevant inquiry is whether the actual defendant was subject to a potential sentence of greater than one year of imprisonment"); United States v. Swann, 526 F. App'x 265 (4th Cir. 2013) ("In his pro se brief, Swann appears to argue that, because his sentence was suspended, it did not qualify as a predicate offense. However, a qualifying predicate felony is one for which Swann himself could have been sentenced to a prison term exceeding one year. It is not required that Swann was actually sentenced to serve (or did in fact serve) over one year."); United States v. Harris, 458 F. App'x 297 (4th Cir. 2011). Here, Petitioner clearly faced a maximum penalty of more than a year of imprisonment for these three predicate offenses.[3] Even following Simmons, they remain valid predicate offenses for the career offender enhancement. Petitioner's Motion should be dismissed.[1]

---

[3] The Presentence Report also listed an additional conviction for possession with intent to distribute cocaine, but the Government does not appear to contend that this conviction remains a proper predicate offense following Simmons.

[4] The Court notes that in Foote v. United States, 784 F.3d 931 (4th Cir. 2015), the Court of Appeals for the Fourth Circuit recently held that a challenge to a career offender designation based on Simmons was not the type of alleged sentencing error that could be corrected on collateral review. Therefore, Petitioner's career offender challenge in this case is not cognizable in this collateral review proceeding. The Court has

4

Petitioner also attempts to raise a further claim in what the Court docketed as his Reply [Doc. #121]. He asserts that his § 851 enhancement is invalid under Alleyne v. United States, ___ U.S. ___, 133 S. Ct. 2151 (2013). However, Alleyne relates to the findings of fact that trigger statutory mandatory minimum sentences, but Alleyne would not affect Petitioner's sentence, which involved a statutory enhancement based on a prior conviction. Cf. Almendarez-Torres v. United States, 523 U.S. 224 (1998). Moreover, Alleyne has not been applied retroactively on collateral review. See United States v. Stewart, 540 F. App'x 171 (4th Cir. 2013) (noting that Alleyne has not been made retroactively applicable to cases on collateral review).

Finally, Petitioner filed a Motion seeking reconsideration of his sentence in light of post-sentencing rehabilitation under 18 U.S.C. § 3742(e). That statute does not allow for any review of a defendant's sentence in light of post-sentencing rehabilitation. Instead, it sets out items that courts of appeal can review on direct appeal of a sentence. It may be that Petitioner intends to refer to § 3742(h), which allows for consideration of post-sentencing rehabilitation. See Pepper v. United States, 562 U.S. 476 (2011). However, such consideration occurs under that statute at a resentencing following a remand on direct appeal. Id. The statute does not provide an independent basis to review a defendant's sentence. This Motion should also be dismissed.

IT IS THEREFORE RECOMMENDED that Respondent's Motion to Dismiss [Doc. #106] be granted, that Petitioner's Motion [Doc. #100] to vacate, set aside, or correct

---

nevertheless included the analysis of Petitioner's claims set out above because he remains a career offender in any event.

sentence pursuant to 28 U.S.C. § 2255 and Petitioner's Motion [Doc. #124] seeking reconsideration under 18 U.S.C. § 3742(e) be dismissed, and that this action be dismissed.

This, the 20th day of July, 2015.

                                                                /s/ Joi Elizabeth Peake
                                                   United States Magistrate Judge